ROGERS, Justice.
 

 Henry Bellaci and Angelina Darder were married on May 8-, 1918. There are four
 
 *29
 
 children born of the marriage; a son aged thirteen years, and three daughters aged, respectively, eleven, ten, and seven years.
 

 On January 29, 1931, Henry Bellaci sued his wife for separation from bed and board on the ground of public defamation, and for other causes. Defendant denied generally the charges of plaintiff, and, specifically alleging that plaintiff was guilty of excesses, cruel treatment, and outrages towards her, reconvened for a judgment of separation from bed and board in her favor.
 

 During the pendency of this suit, Henry Bellaci, on July 28, 1931, filed another suit against his wife, asking for a divorce a vinculo on statutory grounds. The eases were consolidated and tried together. During the course of the trial, counsel for Bellaci moved, m open court, for the dismissal of his suit for a separation. The motion was granted without prejudice, however, to the defendant’s reeonventional demand.
 

 The court below rendered two judgments. In the separation suit, the court dismissed defendant’s reeonventional demand; and in the divorce suit, the court rejected plaintiff’s demand. The party cast in each of the judgments appealed to this court. The judgment in the divorce suit was this day affirmed. See Bellaci v. Darder, 177 La. 31, 147 So. 491.
 

 In this proceeding the question presented for determination is the correctness vel non of the judgment rendered in the separation suit.
 

 The appellant, Mrs. Bellaci, sets forth in her reeonventional demand a number of specific acts of cruel treatment on the part of her husband towards her which, if established, are sufficient to entitle her to a judgment of separation from bed and board under the plain provisions of the Civil Code (article 138 et seq.).
 

 We think that the evidence, considered as a whole, entitles reconvener to a judgment. The testimony tends to some extent to show that Mrs. Bellaci was not without fault. But her faults were not of the same nature as the wrongs perpetrated upon her by her husband. It is in the record that Mrs. Bellaci was sirbjeeted
 
 to
 
 a number of acts of cruelty and outrage at the hands of her husband. We do not deem it necessary to detail all these acts. Among them, however, were several acts of violence committed by Bellaci upon Mrs. Bellaci. On three occasions he struck her with his fists. On one of these occasions, in his anger, he threw a lamp at her head, which she was compelled to dodge to avoid bodily injury; and on another of these occasions he flourished a pistol and threatened her life. The last attack of Bellaci upon his wife was on January 19, 1931, when he assaulted her violently, threatened her life, and compelled her to seek refuge in the house of a neighbor, where, as the result of her husband’s ill treatment, she was compelled to remain for a period of two days under the care of a physician. Thereafter, she removed to the home of her brother, where she has since been living separate and apart from her husband.
 

 For the reasons assigned, the judgment appealed from is annulled, and it is now ordered that there be judgment herein in favor of reconvener, Angelina Darder, wife of Henry Bellaci, and against said Henry Bellaci, decreeing a separation from bed and
 
 *31
 
 board between them; that reconvener be given the custody of her four minor children; and that defendant in reeonvention, Henry Bellaci, pay the costs of this suit in both courts.